CHARLES E. PARKS v. JOHN K. EVANS and JAMES EVANS.

A statute of Missouri allowing ten per cent. interest, published among the revised statutes of that State in 1865, presumed to be still in force in 1877 in the absence of any evidence to the contrary.

And a promissory note bearing ten per cent. interest dated at Westport, Missouri, will be presumed to have been made there in the absence of any evidence to the contrary.

ASSUMPSIT on a promissory note made by the defendants payable to the order of the plaintiff for three hundred and eleven dollars and ninety-one cents with interest at ten per cent. from the date of it, and dated Westport, Missouri, November 16th, 1877.

*Massey*, for the plaintiff, after proving and putting it in evidence, offered in evidence the revised statutes of Missouri published by authority of the State, to show that ten per cent. was the lawful rate of interest on such a debt by the statute of it.

*R. Harrington (Ridgely* with him), for the defendants, objected that it was not sufficient and was therefore not admissible in evidence for that purpose, because it was published, as appeared on the title-page of it, in the year 1865, and the note was not made until 1877, twelve years afterward, and *non constat* after the lapse of so long a time that such was the law or statute of the State on the subject when the note was made.

*Massey: Prima facie* it was sufficient and admissible for the purpose for which he had offered it in evidence, for having been the law of that State on that subject as late as 1865, the court would presume that it was still the law of it in 1877, and not that it had been changed in the meanwhile in the absence of any evidence whatever to warrant such a presumption.

*The Court* was of this opinion and admitted it in evidence.

The counsel for the plaintiff then put it in evidence and rested his case.

On which the counsel for the defendants moved a nonsuit

upon the ground that he had failed to prove, as he should have done in such a case, that the note was made in the State of Missouri. By the statute of this State it was void for usury, and without proof of that fact, as a fact in the case, no action here could be maintained upon it; and if not required in such a case to be actually and affirmatively proved in our courts, it may soon open a very easy and convenient side way for the evasion of our statute against usury in the making of promissory notes particularly.

*But the Court* overruled the motion and said the presumption both in law and fact is that every promissory note was made where it is dated as we term it, if any place is stated in the date of it, and in this case the place inserted and stated in the date of the note constitutes an express admission on the face of it by the signers and makers of it, the defendants, that it was made at Westport, Missouri. It is, however, but a presumption merely, subject to rebuttal at any time.